**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-2327**

———————

AMIRA MOHAMMED,

                                      Petitioner,

       versus

JOHN ASHCROFT, Attorney General of the United
States,

                                     Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-612-318)

———————

Submitted: September 15, 2004      Decided: October 19, 2004

———————

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Michael M. Hadeed, Jr., BECKER, HADEED, KELLOGG & BERRY, P.C.,
Springfield, Virginia, for Petitioner. Peter D. Keisler, Assistant
Attorney General, Michelle E. Gorden, Senior Litigation Counsel,
Thomas H. Tousley, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Amira Mohammed, a native and citizen of Ethiopia of Eritrean ethnicity, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the Immigration Judge's (IJ) denial of her application for asylum and withholding of removal.

On appeal, Mohammed raises challenges to the IJ's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Mohammed fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that Mohammed seeks.

Additionally, we uphold the IJ's denial of Mohammed's request for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Because Mohammed fails to show that she is eligible

- 2 -

for asylum, she cannot meet the higher standard for withholding of removal.

Finally, we conclude Mohammed has waived her argument that the IJ erred when she issued an alternative order of removal because Mohammed did not raise this issue before the Board. <u>See</u> <u>Selgeka v. Carroll</u>, 184 F.3d 337, 345 (4th Cir. 1999); <u>Farrokhi v. INS</u>, 900 F.2d 697, 700 (4th Cir. 1990).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>